Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Marlon Demon Traylor

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARLON DEMON TRAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:25-cv-00429-BNW<br><br>STIPULATION AND PROPOSED ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

TO THE HONORABLE BRENDA WEKSLER, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Marlon Demon Traylor ("Traylor") be awarded attorney fees in the amount of EIGHTY TWO

1  HUNDRED dollars ($8,200.00) under the Equal Access to Justice Act (EAJA), 28
2  U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents
3  compensation for all legal services rendered on behalf of Plaintiff by counsel in
4  connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

5        After the Court issues an order for EAJA fees to Traylor, the government
6  will consider the matter of Traylor's assignment of EAJA fees to Marc Kalagian.
7  The retainer agreement containing the assignment is attached as exhibit 1.
8  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the
9  assignment will depend on whether the fees are subject to any offset allowed under
10 the United States Department of the Treasury's Offset Program.  After the order for
11 EAJA fees is entered, the government will determine whether they are subject to
12 any offset.

13       Fees shall be made payable to Traylor, but if the Department of the
14 Treasury determines that Traylor does not owe a federal debt, then the government
15 shall cause the payment of fees, expenses and costs to be made directly to Law
16 Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed
17 by Traylor.[1]  Any payments made shall be delivered to Law Offices of Lawrence
18 D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made
19 either by electronic fund transfer (ETF) or by check.

20       This stipulation constitutes a compromise settlement of Traylor's request for
21 EAJA attorney fees, and does not constitute an admission of liability on the part of
22 Defendant under the EAJA or otherwise.  Payment of the agreed amount shall
23 constitute a complete release from, and bar to, any and all claims that Traylor

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: October 21, 2025   Respectfully submitted,

        LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian*
BY:_____
Marc V. Kalagian
Attorney for plaintiff
MARLON DEMON TRAYLOR

DATE: October 21, 2025   SIGAL CHATTAH
United States Attorney

/s/ *Melissa A. DelGuercio*
_____
MELISSA A. DELGUERCIO
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social Security (Per e-mail authorization)

**ORDER**

Approved and so ORDERED:

DATE: October 22, 2025

THE HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

## DECLARATION OF MARC V. KALAGIAN

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Marlon Demon Traylor in this action. I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Marlon Demon Traylor containing an assignment of the EAJA fees.

3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this October 21, 2025, at Santa Fe Springs, California.

/s/ *Marc V. Kalagian*
_____
Marc V. Kalagian

-4-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of October 21, 2025, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Marlon Demon Traylor
5608 Goldmount Ave.
Las Vegas, NV 89107

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian
TYPE OR PRINT NAME

/s/ *Marc V. Kalagian*
SIGNATURE

# CERTIFICATE OF SERVICE
# FOR CASE NUMBER 2:25-CV-00429-BNW

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for this court by using the CM/ECF system on October 21, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, except the plaintiff served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

## SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on January 5, 2024, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Mr. Marlon Demon Traylor**, S.S.N. **5707**, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Mr. Marlon Demon Traylor's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $7,200.00 as of November 30, 2022**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to Leslie Alvarez, not to exceed 25% of fees.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

_____     _____
Mr. Marlon Demon Traylor              Steven G. Rosales
                                      Law Offices of Lawrence D. Rohlfing, Inc., CPC

                                      /s/ Marc V. Kalagian
                                      _____
                                      Marc V. Kalagian

Marlon Traylor
5608 Goldmount Ave.
Las Vegas, Nevada 89107

       Social Security Case
       Responsible Supervising Attorney:  Marc V. Kalagian (MVK) at $251.84
       Associate Attorney: Steven G. Rosales (SGR) at $251.84
       Paralegal: Enedina Perez (EP) & Alma Nieto (AN) at $179.00

| DATE: | TIME: | ATTY: | DESCRIPTION: |
|---|---|---|---|
| **PARALEGAL** | | | |
| 11-Feb-25 | 0.3 | EP | preparation of letter to client re: district court |
| 10-Mar-25 | 0.5 | EP | receipt of memo and filing of complaint and related papers |
| 11-Mar-25 | 0.4 | EP | receipt of magistrate assignment |
| 21-Mar-25 | 0.4 | EP | preparation of letter to client re: district court |
| 12-May-25 | 0.8 | EP | receipt of administrative record; preparation of memorandum to SGR regarding same |
| 13-May-25 | 0.2 | EP | scheduling of motions and calendaring of same |
| 15-May-25 | 0.3 | EP | preparation of letter to client re: district court |
| 12-Sep-25 | 0.2 | AN | preparation of letter to client regarding results |
| 18-Sep-25 | 0.2 | EP | preparation of letter to Appeals Council re: USDC Remand |
| Subtotals | 3.3 | | $590.70 |
| **ATTORNEY** | | | |
| 6-Feb-25 | 2.2 | SGR | review of file and AC denial for District Court; discuss with MVK |
| 6-Feb-25 | 0.5 | MVK | review of file with SGR and AC denial for District Court |
| 6-Mar-25 | 1.4 | SGR | preparation of complaint for review by MVK |
| 10-Mar-25 | 0.3 | MVK | review of complaint and related papers for filing and signing of same |
| 7-Jul-25 | 6.6 | SGR | review of transcript; conduct of legal research regarding issues presented; preparation of Plaintiff's Motion for Remand for review by MVK |
| 8-Jul-25 | 6.2 | SGR | review of transcript; conduct of legal research regarding issues presented; preparation of Plaintiff's Motion for Remand for review by MVK |
| 9-Jul-25 | 5.8 | SGR | review of transcript; conduct of legal research regarding issues presented; preparation of Plaintiff's Motion for Remand for review by MVK |
| 10-Jul-25 | 5.3 | SGR | review of transcript; conduct of legal research regarding issues presented; preparation of Plaintiff's Motion for Remand for review by MVK |
| 11-Jul-25 | 0.5 | MVK | Review and Revise Brief |
| 26-Aug-25 | 0.1 | MVK | Review Email from ARC Re: Remand |
| 27-Aug-25 | 0.4 | SGR | Letter to Client Re: Offer of Remand |
| 2-Sep-25 | 0.2 | MVK | Telephone Call with Client re: Remand |
| 2-Sep-25 | 0.2 | MVK | Letter to Client Re: Confirm Remand |
| 2-Sep-25 | 0.1 | MVK | Email to ARC Re: Remand |
| 8-Sep-25 | 0.1 | MVK | receipt and review of USDC Judgment and Order |
| 3-Oct-25 | 0.7 | MVK | preparation of letter to regional counsel |
| | 0.5 | MVK | preparation of stipulation for the award of EAJA; |
| Subtotals | 31.1 | | $7,832.22 |

SORENSON V. MINK CALCULATIONS

| | | | | |
|---|---|---|---|---|
| 2025 | 31.1 | $251.84 | | $7,832.22 |
| | **TOTAL TIME** | | | **34.4** |
| | **TOTAL EAJA** | | | **$8,422.92** |

Case 2:25-cv-00429-BNW   Document 21-2   Filed 10/22/25   Page 9 of 9